## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **SHARON A. HOWELL,** | CASE NO. 3:25 CV 1206 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Plaintiff Sharon A. Howell seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Reuben J. Sheperd for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Sheperd recommends this Court affirm the Commissioner's final decision. (Doc. 11). Plaintiff filed objections to the R&R (Doc. 12), and the Commissioner filed a response thereto (Doc. 13). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in November 2017, alleging a disability onset date of March 7, 2016. *See* Tr. 211-12. Following the administrative process and two stipulated remands, an administrative law judge ("ALJ") issued the presently disputed written decision on April 7, 2025, finding Plaintiff not disabled. (Tr. 3774-3804). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision: the ALJ violated 20 C.F.R. § 404.1520c by failing to properly evaluate the opinions of the treating certified nurse practitioner ("CNP") Kim Binkley. *See* Doc. 7.

In his R&R, Judge Sheperd concluded the ALJ properly evaluated Binkley's opinions according to the relevant regulation by specifically addressing the required elements of supportability and consistency. *See* Doc. 11, at 31-40. He recommends the Court affirm the Commissioner's decision. *See id.*

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single objection to the R&R.  (Doc. 12). She contends the ALJ (and now the R&R) failed to properly evaluate the supportability of Binkley's opinions. *See id.* Specifically, she contends:

> Simply listing evidence in the record does not and should not constitute an explanation as to whether the record was supportive or unsupportive of a medical opinion. That is what the ALJ did here. As seen by the copied and pasted paragraphs in the Report and Recommendation, the ALJ did discuss evidence directly from Binkley. Therefore, the ALJ was aware of and considered evidence from Binkley. However, the ALJ never actually engaged in any sort of evaluation or analysis. The ALJ did not explain how the evidence from Binkley was either supportive or unsupportive of record. The ALJ is required to do more than simply list evidence. The ALJ must make their decisions clear. The ALJ should have explained how the evidence was either supportive or unsupportive of Binkley's opinions.

*Id.* at 2-3. On *de novo* review, the Court disagrees. As the R&R correctly concluded, the ALJ's decision specifically examined and contrasted Binkley's own examination findings and records with her restrictive opinion statements and found them not entirely supported. *See* Doc. 11, at 38 ("The ALJ's decision thoroughly considered Howell's full medical record, and compared CNP Binkley's multiple opinions against her own treatment records to demonstrate where those opinions were supported, or not, and what accommodations were warranted."). This is what the supportability analysis requires. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). The Court therefore overrules Plaintiff's objections and adopts the well-reasoned analysis of the R&R.

---

1. Neither party objects Judge Sheperd's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly summarized by Judge Sheperd.

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Sheperd's R&R

(Doc. 11) is ADOPTED as the Order of this Court, and the Commissioner's decision is

AFFIRMED.

IT IS SO ORDERED.


 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2026